IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HENRY P. WHITLOCK, JR., et al.,**

      **Plaintiffs**

v.                                          Civil Action No.  3:05CV296

**WHITTEN MOTOR CO., INC., et al.,**

      **Defendants.**

**MEMORANDUM OPINION**

This matter is before the court on the Defendant WFS Financial Inc.'s (WFS) motion for summary judgment on its cross claim for indemnification by co-defendant Whitten Motor Co., Inc. (Whitten) for any liability as may result from the Plaintiffs' claims, and Whitten's cross motion for summary judgment on the same issue.  (Def. WFS Financial, Inc.'s Mot. Summ. J. Against Def. Whitten Motor Co.; Def. Whitten Motor Co., Inc.'s Cross Mot. Summ. J. Indemnity Claim by Def. WFS Financial, Inc.).[1]  The parties involved (WFS and Whitten) have fully briefed the relevant issue(s) and the court concludes that oral argument would not be of further assistance in resolving the matter.

In essence, WFS asserts that the indemnity provisions of a pre-existing "Dealer Agreement" (Agreement) between the parties provides for indemnification of WFS by Whitten in regard to any allegation by any third party (such as the Plaintiffs here) that WFS violated various consumer protection laws as alleged in this case.  Whitten agrees that the Agreement is controlling, but argues

---

[1] The court will consider WFS's motion as seeking dispositive relief on its cross claim against Whitten that is based on the asserted indemnification.

that it provides that indemnification would only apply if there was a completed sale, transfer, or assignment to WFS of a financing agreement associated with the purchase of product or services (a vehicle) by a third party from Whitten. (Whitten Motor Co., Inc.'s Mem. Opp. WFS Financial, Inc.'s Mot. Summ. J. & Suppt. Whitten's Cross Mot. Summ. J. Against WFS Financial, Inc.) (Whitten Memo)). Both parties agree that the interpretation of the Agreement controls and that WFS has made demand pursuant to the Agreement for indemnification by Whitten. The issue, therefore, is how to interpret and apply the pertinent language of the Agreement.

The particular provision in question provides as follows:

> Dealer agrees to indemnify and hold Company harmless from any claims, demands, losses, liabilities, damages and costs of defense, including without limitation, reasonable attorneys' fees, resulting from any breach of this Agreement, any breach of any warranty made in this Agreement, or any violation or alleged violation of any federal, state or local law, rule or regulation in connection with a transaction underlying a Contract, or arising in connection with any Contract (including the preparation and completion of Contracts). Dealer agrees to assist and cooperate with Company in enforcing Company's rights under all Contracts. Dealer shall immediately notify Company of any notice given to Dealer of any setoff against, claim arising from, or defenses to a Contract or goods or services subject to any Contract.

Whitten Mem., ex. 1 ¶ 11.

WFS asserts that the proviso includes defending against, and possible liability for, any alleged violation arising in connection with any Contract and that "Contract" refers to, among other things, the standard retail installment sales contract between Whitten and a prospective third party purchaser that would be forwarded by Whitten to WFS for the latter's consideration in providing financing. (Def. WFS Financial, Inc.'s Mem. Supp. Mot. Summ. J. Against Def. Whitten Motor Co. (WFS Mem.); Def. WFS Financial, Inc.'s Reply Br. Supp. Mot. Summ. J. Against Whitten Motor Co. &

Br. Opp. Whitten Motor Co.'s Cross Mot. Summ. J. (WFS Reply Br.)). Whitten, on the other hand, maintains that the proviso, by its own terms and in the context of the entire Agreement, only provides for indemnification for any alleged violation once WFS has agreed to provide financing by accepting an application and that since WFS did not do so in this case, there can be no indemnification. (Whitten Mem. at 3-7). In support of its position, Whitten emphasizes that the language of the proviso must be considered in the context of the entire Agreement whereby, for example, reference in the same paragraph to a breach of warranty provisions would only apply to consummated sales. (Whitten Mem. at 4-7).

The court agrees, as each party apparently urges, that the contract language is clear and unambiguous so that it can and must be given its plain meaning. The clause simply provides that if an allegation is made "in connection with a transaction underlying a Contract, or arising in connection with any Contract (including the preparation and completion of Contracts) . . ." indemnification applies. (Whitten Mem., ex. 1 ¶ 11). Furthermore, the definition of "Contracts" in the Agreement specifically includes a retail installment contract that is forwarded to WFS, *before the sale is completed*, for WFS to consider whether to provide financing. (Id. ¶ 1). As such, the allegations of the Complaint concern actions "arising in connection with any Contract," including the preparation stage, and indemnification is not restricted to just "after the fact" of acceptance.[2] Although the Agreement provides protection for WFS against violations by Whitten involving a sale, such as Whitten's failure to secure clear title, other scenarios are also addressed by the Agreement, including allegations of fraud or misrepresentation in the inducement that do not necessitate

---

[2]The phrase "including the preparation *and* completion of Contracts" (emphasis added) is fairly read in the disjunctive as applying to the entire contractual process from initiation to consummation.

consummation of the sale to be maintained. Stated another way, WFS obviously seeks protection by the Agreement for acts preceding, as well as following sale, such as a retail installment sales contract being "shopped around" to several lenders in contravention of explicit instruction from the prospective purchaser not to do so.[3]

**CONCLUSION**

The contractual language is clear, unambiguous, and it makes sense according to WFS's interpretation. WFS's motion must therefore be GRANTED and Whitten's DENIED, with the choice being Whitten's whether to require WFS to remain in the case at Whitten's expense since the Agreement also mandates full cooperation by WFS in the defense of any claims. (Whitten Mem., ex. 1 ¶ 11).

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 12/28/05

---

[3] For example, the Buyer may have a specific lender that Whitten did not deal with who the Buyer wants to handle the financing for whatever reason, including that Whitten would not be able to add on to whatever interest rate was quoted as many dealerships do.